# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEAN MICHAEL GUTH | * | |
| Petitioner | * | |
| v. | * | Civil Action No. AW-12-cv-2688 |
| WAYNE WEBB, et al. | * | |
| Respondents | * | |

## **MEMORANDUM**

A Response to the above-captioned Petition for Writ of Habeas Corpus, along with exhibits and Petitioner's Traverse,[1] were filed in the above-captioned case. The matter is now ready for dispositive review. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## **Background**

On March 25, 2009, Petitioner Dean Michael Guth ("Guth") was convicted in the District Court for Frederick County, Maryland, and appealed the judgment to the Circuit Court for Frederick County. ECF No. 14 at Ex. 1, p. 4; Ex. 2; and Ex. 9 at p. 22. On August 17, 2009, Guth was tried before a jury in the Circuit Court on charges of attempted felony theft and providing a false statement to a police officer. *Id*. at Ex. 1, p. 5. At trial, the State established through witnesses, a video surveillance tape, still photographs, and other evidence that on

---

[1] Petitioner was provided an opportunity to inform the Court of his intentions regarding one claim (that the prosecutor failed to provide defense counsel with a copy of the State's discovery packet) that was not exhausted. ECF No. 17. Petitioner was informed that failure to respond to the Order would result in this Court deeming the unexhausted claim waived. *Id*. Petitioner has filed nothing further in the case; therefore, the claim will not be addressed.

February 6, 2009, Guth attempted to steal 18 "Call of Duty" video games from a Best Buy store using a rigged, foil-lined bag he brought into the store. *Id.* at Ex. 3, pp. 89-117; Ex. 9 at pp. 24-25. When approached by the police following the attempted theft Guth fled and, after he was apprehended, identified himself to the arresting officers as "Chris Alan Tolar." *Id.* at pp.65- 68. Based on the evidence produced at trial, the jury returned a guilty verdict on charges of attempted theft and providing false information to police. Guth was sentenced to serve 10 years in prison. *Id.* at pp. 143-46 and 152.

Guth appealed the verdict to the Court of Special Appeals of Maryland; the case was transferred to the Court of Appeals, and treated as a Petition for Writ of Certiorari. ECF No. 14 at Ex. 4. In his appeal, Guth alleged that certain evidence was improperly admitted at trial. On December 11, 2009, the Court of Appeals denied Guth's request for review. *Id.* at Ex. 5. He did not seek further review in the Supreme Court, making his conviction final on March 11, 2010, when the time for seeking review expired. *See* Sup. Ct. Rule 13.1.

In post-conviction proceedings initiated on October 2, 2009, Guth alleged prosecutorial misconduct, ineffective assistance of trial counsel, and insufficient evidence to sustain a conviction for felony theft. ECF No. 14 at Ex. 6 – 10. Guth claimed it was misconduct for the State to: present for admission into evidence a bag with a defective chain of custody; fail to provide during discovery a working copy of the surveillance tape, witness statements, and photographs; make improper closing arguments; and tamper with the surveillance tape. *Id.* With respect to his claim of ineffective assistance of counsel, Guth claimed counsel failed to: object to inconsistent trial testimony; object to the admission of the bag and surveillance taped based on a defective chain of custody; review a working copy of the surveillance tape prior to the trial in the Circuit Court; and make a sufficient motion for judgment of acquittal. *Id.* A hearing held to

consider Guth's post-conviction claims on May 25, 2011, included testimony from Guth's trial counsel. *Id*. at Ex. 9. Post-conviction relief was denied on all grounds raised by opinion and order issued June 7, 2011. *Id*. at Ex. 10.

Guth filed an application for leave to appeal the post-conviction court's denial of relief with the Maryland Court of Special Appeals. ECF No. 14 at Ex. 11. In his application, Guth claimed (A) the prosecutor committed misconduct by (1) not maintaining a proper chain of custody over a blue bag admitted into evidence, (2) violating the Maryland discovery rules, (3) making improper closing argument, and (4) improperly entering a surveillance video into evidence; (B) trial counsel was ineffective for (1) failing to object to inconsistent testimony, (2) not objecting to evidence "known to be mishandled," (3) failing to review the surveillance videotape prior to trial, and (4) failing to object to the introduction of the surveillance videotape; and (D) the evidence was insufficient to sustain "the Conviction." *Id*. The Court of Special Appeals summarily denied Guth's application on August 28, 2012; the mandate issued on September 28, 2012. *Id*. at Ex. 12.

In the Petition for Writ of Habeas Corpus filed with this Court, Guth alleges the prosecutor committed misconduct by introducing into evidence a blue gift bag allegedly used in the attempted theft which was retained by Best Buy employees "for weeks after the incident" and thus not kept in a proper chain of custody. ECF No. 1 at p. 9. Guth also alleges prosecutorial misconduct in connection with alleged discovery violations. He claims the State entered into evidence surveillance video footage depicting the attempted theft and, pursuant to his motion for pre-trial discovery, a copy of the DVD given to the defense was provided to the defense. *Id*. at p. 10. Guth alleges, however, that the DVD was a non-working copy and though the State was informed of same, the error was not corrected prior to trial. *Id*. Guth also claims the State failed

3

to turn over witness statements during discovery and did not provide photographs used at trial against him until the day of trial. *Id*.

Guth also claims the prosecutor committed misconduct by improperly vouching for the credibility of a State's witness, Raymond Curley,[2] during rebuttal closing argument. ECF No. 1 at p. 11. Specifically, Guth claims it was improper for the prosecutor to argue that the witness answered questions honestly and displayed no bias during his testimony, and asserts the prosecutor's comments deprived him a fair trial. *Id*. Additionally, Guth claims it was improper for the prosecutor to tell the jury to ignore evidence that the date setting on the video surveillance tape was wrong. *Id*.

Guth also claims he was deprived of a fair trial because the video surveillance tape was enhanced and "tampered with by the State." *Id*. at pp. 11 – 12. He claims green pixels were removed from the picture to brighten the image, making it more visible to the jury. He states that the failure to disclose that the video was enhanced deprived him of the ability to challenge the accuracy and reliability of the evidence.[3] *Id*.

Guth alleges four instances of ineffective assistance of counsel. ECF No. 1 at pp. 13 - 17. He claims trial counsel was ineffective for failing to cross-examine a key witness regarding testimony he provided in the second trial in the Circuit Court which conflicted with testimony he provided in the first trial in the District Court. *Id*. at pp. 13 – 14. Guth also states that counsel was ineffective for failing to object to the introduction of a blue gift bag into evidence when a proper chain of custody was not established. *Id*. at p. 14. Guth next claims counsel was

---

[2] Mr. Curley was a Best Buy employee who monitored security surveillance cameras and observed Guth attempting to steal video games. ECF No. 1 at p. 11.

[3] Guth additionally claims the State committed discovery violations when it did not respond to his attorney's request for a copy of the State's discovery packet. ECF No. 1 at p. 12. This claim is unexhausted and has been deemed waived pursuant to this Court's Order of May 28, 2013. ECF No. 17.

4

ineffective when he failed to make arrangements with the prosecutor to view the State's copy of the video surveillance DVD prior to his trial in the Circuit Court.[4] *Id.* at pp. 14 – 15.

Guth further asserts trial counsel was ineffective for failing to argue during a motion for judgment of acquittal that there was no evidence to support a finding that Guth had made a false statement to the police with the intent to cause an investigation or to have the police take other action. ECF No. 1 at pp. 15 – 16. Counsel provided detailed argument regarding the charges for attempted theft, but merely stated with respect to the false statement charge that "the State failed to make a 'prima facie case' for that charge."[5] *Id.* at p. 15.

Guth finally claims counsel was ineffective for failing to object to the admission of the video surveillance tape because a proper chain of custody was not established. *Id.* at p. 16. He states that the DVD of the surveillance was authenticated by Best Buy employee Raymond Curley who testified he turned the video over to police. The DVD was not brought to court by police; rather, it was brought to court by the State's Attorney. Guth alleges this means no proper chain of custody was established making it inadmissible. *Id.*

Guth further claims that there was "insufficient proof that the items that were attempted to be stolen were worth over $500." ECF No. 1 at p. 17. Guth states that Curley testified that each item stolen was worth $59.59 and that 18 items were stolen, but that "there was no actual proof of the value of these items other than such testimony." *Id.*

In his amended Petition, Guth asserts that his conviction for making a false statement to the police should be overturned because the statement he made did not prompt the police to initiate an investigation or take other action. ECF No. 8.

---

[4] Guth admits that trial counsel raised an objection regarding the State's failure to provide the defense with a working copy of the video surveillance and moved for dismissal of the charges on multiple occasions, but his objections were overruled and the motions were denied. ECF No. 1 at p. 14.

[5] Guth received a concurrent "time served" sentence for the false statement conviction. ECF No. 1 at p. 15.

5

## Standard of Review

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). This standard is "highly deferential" and "difficult to meet." *Cullen v. Pinholster*, 563 U.S. __, ___, 131 S.Ct. 1388, 1398 (2011); *Harrington v. Richter*, 562 U.S_, ___131 S. Ct. 770, 786 (2011).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, _U.S. _, 130 S.Ct. 841, 849 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. **"**[A] a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly.*"* *Renico v. Lett,* _ U.S_, 130 S. Ct. 1855, 1862 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

**Analysis**

Prosecutorial Misconduct

It is undisputed that "[a] fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). Likewise, it has long been held that prosecutors are held to a high standard of fairness. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at

7

all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."). In order to establish prejudicial misconduct on the part of the prosecutor the alleged misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986); *see also United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010). In order to reverse a conviction based upon a claim of prosecutorial misconduct, Petitioner "must show (1) 'that the prosecutor's remarks or conduct were improper' and (2) 'that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial.'" *Caro*, 597 F.3d at 624-25.

Guth maintains that the prosecutor committed misconduct by (1) not maintaining a proper chain of custody over a blue bag admitted into evidence, (2) violating the Maryland discovery rules, (3) making improper closing argument, and (4) improperly entering a surveillance video into evidence. With respect to the chain of custody allegation, Guth claims that the bag introduced into evidence at trial had been held in a room at the Best Buy store in the security loss prevention office which broke the chain of custody. In Guth's estimation, this defect should have rendered the bag inadmissible as evidence at trial. The post-conviction court denied relief because "proof of the chain of custody of physical evidence is of importance only to show the reasonable probability that there has been no tampering with the evidence." ECF No. 14 at Ex. 10, p. 3, citing *State v. Tumminello*, 16 Md. App. 421, 431 (1972). The post-conviction court also observed that the allegation concerned an evidentiary issue not reviewable under Maryland's Uniform Post-Conviction Act and that the bag involved in Guth's trial was unique and readily identifiable. *Id.*

With regard to Guth's allegation that the State committed discovery violations when it did not provide to the defense a working copy of the surveillance footage on DVD, the post-

8

conviction court denied relief because Guth and defense counsel had "various opportunities to view the video prior to trial." ECF No. 14 at Ex. 10, p. 4, citing August 17, 2009 Transcript, pp. 6 -7; March 25, 2009 Transcript, p. 45.  Additionally, the post-conviction court found no prejudice resulting from the admission of two sets of still photographs.  The court held that the photographs were not improperly admitted, nor did the State fail to disclose them in discovery, observing that the photos "provided corroborating evidence of the surveillance video and the testimony given by Curley."  ECF No. 14 at Ex. 10, p. 4.

Guth further claims the prosecutor improperly vouched for one the witnesses testifying for the State during closing argument.  Specifically, Guth claims that the prosecutor's rebuttal argument defending Curley after defense counsel suggested in closing he was biased was improper vouching prohibited by the "invited response doctrine." *Id*. at pp. 4 – 5.  In addition, Guth claimed it was improper for the prosecutor to tell the jury to ignore the fact that the surveillance DVD showed an inaccurate date.  The post-conviction court noted that "the rule against vouching does not preclude a prosecutor from addressing the credibility of witnesses in its closing argument." *Id*. at p. 5.  The court further reasoned that "where a prosecutor argues that a witness is being truthful based on the testimony given at trial, and does not assure the jury that the credibility of the witness is based on his own personal knowledge, the prosecutor is engaging in proper argument and is not vouching." *Id*.  The court concluded that there were no improper statements made in Guth's trial and, therefore, the jury was not misled as he claimed. *Id*.

Guth's claim that the State improperly entered an enhanced version of the video surveillance into evidence because the enhancements were not disclosed was also rejected by the post-conviction court.  The court characterized the claim as a bald allegation with no supporting

9

evidence and noted that defense counsel testified that Guth never raised the issue during trial. *Id*. at p. 6. This Court finds that the post-conviction court's decision on the issue of prosecutorial misconduct is without error and Guth has failed to state a claim for federal habeas relief.

### Ineffective Assistance of Counsel

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696.

As the Supreme Court held in *Strickland v. Washington*, *supra*, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id*. at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e) (1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* It follows, then, that new § 2254(d)(1) applies to the state court's conclusion that the petitioner's trial counsel rendered effective assistance of counsel and this Court may not grant relief on this claim as long as the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

Guth claims trial counsel was ineffective for (1) failing to object to inconsistent testimony, (2) not objecting to evidence "known to be mishandled," (3) failing to review the surveillance videotape prior to trial, and (4) failing to object to the introduction of the surveillance videotape.

Guth claimed that Curley provided testimony in Circuit Court which was inconsistent with testimony provided previously in District Court and counsel was ineffective for not cross-examining him on the inconsistencies. Guth alleged Curley testified in District Court that he did not personally observe Guth with a shopping cart and could not state that the video surveillance showed the blue bag which was introduced into evidence. In Circuit Court, Guth claims Curley testified that through observing the video he saw Guth and could identify the blue bag in the cart. In denying the ineffective assistance of counsel claim on this ground, the post-conviction court reviewed the testimony of Curley in both trials and found no inconsistencies between the two proceedings. The court observed, "Mr. Curley's testimony in both hearings established that he watched the surveillance video, saw [Guth] remove items from the shelf, place the items in his cart, and then on the shelf." ECF No. 14 at Ex. 10, p. 9. Additionally, Curley testified he saw the bag when the cart was brought to him, not on the video. *Id.* Given that there was no inconsistency, the post-conviction court concluded that counsel was not ineffective for failing to present a frivolous argument. *Id.*

Guth's claim that counsel was ineffective for failing to object to admission of evidence[6] for which a chain of custody was not established was also rejected by the post-conviction court. The post-conviction court found that the State laid a proper foundation to enter the bag into evidence and that defense counsel questioned Deputy Destefano of the Frederick County

---

[6] This allegation relates to Guth's claim that no chain of custody was established for the blue bag because it had been kept in the Best Buy store and not turned over to the police.

11

Sheriff's office regarding custodial issues of the bag. Consequently, defense counsel's failure to object to the admission of admissible evidence did not, in the post-conviction court's view, fall below the objective standard of reasonableness. ECF No. 14 at Ex. 10, p. 10.

Guth claims that trial counsel's failure to view the State's copy of the surveillance video constituted ineffective assistance of counsel because had he viewed the tape, he could have put on expert testimony to establish the video had been altered prior to trial. The post-conviction court denied relief on this ground and noted that defense counsel moved to suppress the DVD prior to trial and objected to its admission based on an allegation of discovery violation. *Id*. at p. 11. Additionally, Guth and defense counsel viewed the video prior to trial and counsel felt prepared to address the content of the video at trial. *Id*. at p. 12. The post-conviction court concluded that Guth was not prejudiced by the alleged failure to obtain a working copy of the DVD prior to trial. *Id*. The post-conviction court also denied relief on Guth's claim that counsel was ineffective for failing to object to the introduction of the DVD surveillance video into evidence because a proper foundation was laid and the evidence was admissible. *Id* at p. 13.

Under *Strickland* there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The failure to make a frivolous motion or to make ethically improper arguments, does not establish that there was an unprofessional error, nor is there even a remote possibility that the result of the trial would have been different had the motion been made. *See also Horne v. Peyton*, 356 F.2d 631 (4th Cir. 1966) (fact that counsel could have done more is insufficient for reversal absent any showing of harmful consequences). The post-conviction court's analysis of Guth's ineffective assistance of counsel represents a reasonable application of existing law.

12

Thus, he has failed to present a meritorious claim for federal habeas relief with respect to this claim.

## Sufficiency of the Evidence

The standard of review for a sufficiency of the evidence claim on habeas corpus is whether, after viewing evidence in a light most favorable to the prosecution, any rational trier of fact could find essential elements of crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established. *See United States v. Tresvant*, 677 F.2d 1018 (4th Cir. 1982). The determination of the credibility of each witness is within the sole province of the jury and is not susceptible to review. *See United States v. Saunders*, 886 F.2d 56 (4th Cir. 1989); *Pigford v. United States*, 518 F.2d 831 (4th Cir. 1975).

Guth claims his conviction was not supported by sufficient evidence for attempted theft over 500 dollars because there was no proof, other than the testimony of Best Buy employee Raymond Curley, of the value of the items stolen. Guth raised this claim on post-conviction under the theory that he did not have a right to direct appeal from his trial in Circuit Court because he had appealed from District Court and received a trial de novo. The post-conviction court found the claim was not reviewable under Maryland's Post-Conviction Procedure Act, but also noted that the evidence was sufficient to support his conviction. The court noted that "[t]he testimony of Raymond Curley established the element of the crime that more than $500 worth of items were stolen" and that the "testimony is sufficient . . . the agent is presumptively qualified to provide testimony regarding the value of his goods." *Id*. citing *Coffin v. State*, 230 Md. 139, 142, 186 A. 2d 216 (1962); *Vucci v. State*, 13 Md. App. 694 (1971). ECF No. 14 at Ex. 10, pp.

14 -15. The post-conviction court's analysis is without error. Federal habeas relief is denied on this claim.

## Conclusion

The record establishes, and this Court determines, that Guth is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceedings, and Guth has failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction or appellate relief. Additionally, a Certificate of Appealability is not warranted.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a Ccertificate of Appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2). Accordingly, the Petition shall be dismissed with prejudice and a Certificate of Appealability shall not issue. A separate Order follows.

Date:   June 21, 2013                                                     /s/
                                                            Alexander Williams, Jr.
                                                            United States District Judge